IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Robert Seek, Jr., ) | C/A No. 0:14-63-MGL-PJG |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner ) of Social Security, ) | |
| Defendant. ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC. The plaintiff, Timothy Robert Seek, Jr., brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be remanded for further consideration as explained below.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A), (d)(5) and § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1)   whether the claimant is engaged in substantial gainful activity;

(2)   whether the claimant has a "severe" impairment;

(3)   whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4)   whether the claimant can perform his past relevant work; and

(5)   whether the claimant's impairments prevent him from doing any other kind of work.

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that he is unable to return to his past relevant work because of his impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances. 20 C.F.R. §§ 404.1520(h), 416.920(h).



**ADMINISTRATIVE PROCEEDINGS**

In January 2010, Seek applied for DIB and SSI, alleging disability beginning July 1, 2008. Seek's applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ"). A hearing was held on June 12, 2012, at which Seek, who was represented by Stacey E. Thompson, Esquire, appeared and testified. A supplemental hearing was held on July 16, 2012, at which time the ALJ heard testimony from a vocational expert. Seek's attorney was present at the supplemental hearing, but Seek elected to not appear. The ALJ issued a decision on August 3, 2012 concluding that Seek had not been disabled from July 1, 2008 through the date of her decision. (Tr. 26-29.)

Seek was born in 1974 and was thirty-four years old at the time of his alleged disability onset date. (Tr. 176.) He has a college education and past relevant work experience as a car salesman, a laborer, a clean-up worker for a hazardous materials company, and a worker in a package/shipping company. (Tr. 181-82.) Seek alleged disability due to compression of his vertebrae and a possible torn tendon in his right knee. (Tr. 180.)

In applying the five-step sequential process, the ALJ found that Seek had not engaged in substantial gainful activity since July 1, 2008—his alleged onset date. The ALJ also determined that Seek's degenerative disc disease of the lumbar spine, back pain, bilateral knee pain, status post left knee medial meniscus repair and shaving chondroplasty, with right knee iliotibial band syndrome, anxiety, depression, attention deficit hyperactivity disorder ("ADHD"), and impulse control disorder were severe impairments. However, the ALJ found that Seek did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Seek retained the residual functional capacity to



perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that he can lift and carry up to twenty pounds occasionally and ten pounds frequently; stand and walk for about six hours in a workday; and sit for about six hours in a workday. He requires an option to alternate sitting and standing at the workstation. He cannot operate pedal or other foot controls with either lower extremity. H[e] can frequently balance, occasionally stoop, crouch, and climb stairs and ramps, but never kneel, crawl, or climb ladders, ropes, and scaffolds. He is further restricted to work with simple instructions and/or simple repetitive tasks, involving no contact with the public.

(Tr. 20.) The ALJ found that Seek was unable to perform any past relevant work, but that there were jobs that existed in significant numbers in the national economy that Seek could perform. Therefore, the ALJ found that Seek was not disabled from July 1, 2008 through the date of her decision.

Seek submitted additional evidence to the Appeals Council, which denied his request for review on November 8, 2013 making the decision of the ALJ the final action of the Commissioner. (Tr. 1-6.) This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id.



Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Seek raises the following issues for this judicial review:

I. The ALJ did not perform the analysis of the treating and evaluating physician opinions required by 20 CFR §404.1527(d)(1)-(6), SSR 96-2p and SSR 96-5p.

II. The ALJ did not explain her findings regarding the Plaintiff's residual functional capacity, as required by Social Security Ruling 96-8p.

(Pl.'s Br., ECF No. 20.)

## DISCUSSION

Typically, the Social Security Administration accords greater weight to the opinion of treating medical sources because treating physicians are best able to provide "a detailed, longitudinal picture" of a claimant's alleged disability. See 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). However, "the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992) (*per curiam*). Rather, a treating physician's opinion is evaluated and weighed "pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527). Any other factors that may support or contradict the opinion should also be considered. 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6). In the face of "persuasive contrary evidence," the ALJ has the discretion to accord less than controlling weight to such an opinion. Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Further, " 'if a physician's opinion is not



supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight.' " Id. (quoting Craig, 76 F.3d at 590).

Additionally, SSR 96-2p provides that

> a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p, 1996 WL 374188, at *5. This Ruling also requires that an ALJ's decision "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Id., at *5.

In this case, the ALJ acknowledged that Seek's treating physician, Dr. Gary F. Kuhns, had "prepared a medical source statement describing functional limitations in the claimant that would

preclude all work activity (Exhibit 15F, pages 2-4).[2] He also completed a form indicating that the claimant is permanently disabled and needs a caretaker in his home twenty-four hours a day (Exhibit 21F, page 28)." (Tr. 27.) However, notwithstanding the specificity of the requirements discussed above, in evaluating these opinions, the ALJ only stated the following:

> In this case, the ongoing treatment notes of Dr. Kuhns and Dr. Schoderbeck do not support the extreme limitations suggested by Dr. Kuhns in his forms. I particularly note his treatment note dated July 1, 2011, when he described the claimant's pain as no more than a level of 3 and the increased activity he was performing with his family due to the effective control of symptoms by treatment. I do not find the limitations described by Dr. Kuhns to be supported by objective clinical findings or persuasive in evaluating the claimant's disability.

(Id.) As argued by Seek, the court is constrained to recommend that this matter be remanded as the ALJ failed to specify the weight afforded to these opinions. The court disagrees with the Commissioner's position that the above statements "clearly indicate[] that [the ALJ] was giving no weight to the medical source statement from October 7, 2011, while giving some weight to the remaining treatment records from Dr. Kuhns." (Def.'s Br. at 27, ECF No. 22 at 27.)

---

[2] Although not specifically discussed by the ALJ, this statement included the following limitations: that Seek could lift less than ten pounds occasionally and frequently; that he could stand, walk, and sit for less than two hours in an eight-hour day; that he could sit for fifteen minutes and stand ten minutes before having to change positions; that he must be able to walk around every forty-five minutes for ten minutes each time; that he needs a sit/stand option and would need to lie down several times at unpredicted intervals during an eight-hour work day; that he can stoop, crouch, and climb stairs occasionally; that he can never twist or climb ladders; that reaching, handling, and pushing/pulling are affected by his impairments in that they put stress on his neck and knees; that he should avoid concentrated exposure to humidity and fumes, odors, dusts, gases, and poor ventilation; that he should avoid even moderate exposure to extreme heat or cold; that he should avoid all exposure to hazards such as machinery and heights; and that these limitations would cause Seek to be absent from work more than three time a month. (Tr. 359-61.) Medical findings to support this opinion were listed as severe chronic pain syndrome secondary to spinal arthritis, severe arthritis of the left knee and moderate arthritis of the right knee, physical exams, and multiple imaging tests. (Id.)



As pointed out by Seek, some of the limitations included in Seek's residual functional capacity, such as a need for a sit/stand option, are arguably based on Dr. Kuhns's assessment. However, a reviewing court is left guessing as to the weight afforded to the treating physician's opinions, and why. The ALJ's scant discussion of Dr. Kuhns's opinions render the court unable to determine whether the ALJ's decision is supported by substantial evidence. As noted above, the ALJ only mentions that the assessment included functional limitations that would preclude all work activity without identifying any specifically opined limitation. Therefore, the court finds that this matter should be remanded for further consideration of Dr. Kuhns's opinions. See Rouse v. Commissioner, C/A No. 0:13-1904-JFA-PJG, 2014 WL 4792058, at *2 (D.S.C. Sept. 24, 2014) (finding that the ALJ failed to comply with SSR 96-2p's requirement of specificity with regard to weight given to the treating source's medical opinion and the court could not determine if the ALJ's decision was based on substantial evidence where the ALJ discussed the opinion evidence but failed to assign any weight to it); Hilton v. Astrue, C/A No. 6:10-2012-CMC, 2011 WL 5869704, at *3 (D.S.C. Nov. 21, 2011) (agreeing that the ALJ needed to state what weight, if any, he gave a treating physician's opinion and holding that the ALJ's conclusion that the opinion is not entitled to controlling weight and that the opinion is against the weight of the record as a whole did not reach the level of specificity required under SSR 96-2p and was insufficient); Tench v. Comm'r of Soc. Sec. Admin., C/A No. 6:10-cv-00691-RBH, 2011 WL 3794080, at *6 (D.S.C. Aug. 25, 2011) (finding that ALJ's decision stating that a physician's opinion was given "less weight," even if the court could infer it meant some weight less than controlling, was not sufficiently clear what weight, if any, was accorded to the opinion and without knowing specifically the weight accorded to the opinion, the court was unable to properly apply the substantial evidence test to the ALJ's decision to discredit, or possibly disregard entirely, the treating source opinion). Moreover, the court cannot



find that this error is harmless.[3]  Cf. Davis v. Colvin, No. 9:12-2244-CMC-BM, 2014 WL 172513, at *2 (D.S.C. Jan.15, 2014) ("Although an ALJ is required by Social Security regulations to assign weight to all medical opinions, see 20 C.F.R. § 416.927(e)(2)(ii), an ALJ's failure to expressly state the weight given to a medical opinion may be harmless error when the opinion is consistent with the ALJ's RFC determination.") (citing Morgan v. Barnhart, 142 F. App'x 716, 722-23 (4th Cir. 2005) & Rivera v. Colvin, No. 5:11-CV569-FL, 2013 WL 2433515 (E.D.N.C. June 4, 2013)).

In light of the court's recommendation that this matter be remanded for further consideration, the court need not address Seek's remaining issues, as they may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments).  Moreover, if necessary, Seek may present his remaining arguments concerning the ALJ's alleged errors on remand.

### RECOMMENDATION

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further consideration as discussed above.

November 24, 2014                                    Paige J. Gossett
Columbia, South Carolina                        UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[3] The court expresses no opinion as to whether further consideration of Dr. Kuhns's opinions by the ALJ should necessarily lead to a finding that Dr. Kuhns's opinions are entitled to controlling weight or that Seek is ultimately entitled to benefits.  Further analysis and discussion may well not change the ALJ's conclusion on this point.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).